IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN DAWAYNE WILLIS,

    Plaintiff,

v.

MULTNOMAH DEFENDERS INCORPORATED;
STACEY REDDING; and MARTIN GIBSON,

    Defendants.

Case No. 3:22-cv-00232-JR

ORDER

RUSSO, Magistrate Judge.

    Plaintiff, an adult in custody at the Multnomah County Inverness Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the Court granted plaintiff's Application to Proceed *In Forma Pauperis*. For the reasons set forth below, plaintiff must file an Amended Complaint.

## BACKGROUND

    Plaintiff alleges that defendants, who have represented plaintiff as his attorney at various stages in plaintiff's pending criminal proceedings, violated plaintiff's rights by failing to seek dismissal of charges against plaintiff. As a result, plaintiff alleges, he remains in custody in

1 - ORDER

violation of his constitutional rights and state law. By way of remedy, plaintiff seeks money damages and a letter of apology.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-24 (9th Cir. 1988); Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). A plaintiff must also allege that he suffered a specific injury as a result of a particular defendant's conduct and that an affirmative link exists between the injury and

the violation of his rights.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

As noted, in order to state a claim under § 1983, a plaintiff must allege that the defendant, acting "under color of state law," deprived him of a right secured by the U.S. Constitution or federal law.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  A public defender "performing a lawyer's traditional functions" does not act under color of state law.  Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Plaintiff's allegations against defendants arise directly from their traditional functions as counsel in his criminal proceeding and, as such, plaintiff fails to state a claim against defendants upon which relief may be granted.

Although an attorney representing a criminal defendant does not act under color of federal law, a public defender engaged in intentional misconduct as part of a conspiracy with federal actors to violate a plaintiff's rights can be liable under § 1983 for that conduct.  See Tower v. Glover, 467 U.S. 914, 920 (1984) ("an otherwise private person acts 'under color of' [federal] law when engaged in a conspiracy with [federal] officials to deprive another of federal rights").  However, to state a conspiracy claim, a plaintiff must show "an agreement or 'meeting of the minds' to violate constitutional rights.'"  Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (citation omitted).  The Court "need not, however, accept as true allegations that . . . are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.) amended on other grounds, 275 F.3d 1187 (9th Cir. 2001).

Plaintiff has not made any factual allegations to support an agreement or meeting of the minds between defendants and federal actors to violate plaintiff's rights.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of a cause of action, supported by mere conclusory

statements, do not suffice"). Accordingly, plaintiff does not allege a claim against defendants upon which relief may be granted.

Finally, to the extent plaintiff alleges claims for relief under state law, although the Court may exercise supplemental jurisdiction over state law claims, the Court may also decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). As discussed above, plaintiff's Complaint fails to state a plausible federal claim for relief. If plaintiff fails to file an Amended Complaint which cures the deficiencies noted, plaintiff's state law claims will be dismissed as well. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff must file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this Order. Plaintiff is advised that the amended complaint will operate as a complete substitute for the present complaint, not as a supplement. Plaintiff is further advised that failure to file an Amended Complaint, or failure to cure the deficiencies noted above, shall result in the dismissal of this proceeding.

IT IS SO ORDERED.

DATED this   24th   day of February 2022.

                                    /s/ Jolie A. Russo
                                    Jolie A. Russo
                                    United States Magistrate Judge